In the Matter of the Application of CHARLES POPE CALDWELL, Petitioner, for a Mandamus Order against JAMES J. WALKER, Mayor and Chairman of the Board of Estimate and Apportionment of the City of New York, and Others, Respondents.

Supreme Court, New York County, April 7, 1930.

*Moses, Nehrbas & Tyler,* for the petitioner.

*Arthur J. W. Hilly,* for the respondents.

TOWNLEY, J. Petitioner seeks a peremptory mandamus order requiring the board of estimate and apportionment of the city of New York to issue to him a prior service certificate pursuant to law. On January 1, 1926, petitioner became a justice of the Court of Special Sessions, and has since continued to occupy, and now occupies, that office. Since January 14, 1926, petitioner has

been a member of the New York city employees' retirement system, as provided in chapter 26 of the Greater New York Charter. The petitioner had served as a representative in Congress from the State of New York from March 4, 1915, to March 4, 1921. On or about June 26, 1929, petitioner made application for a prior service certificate from the retirement system, claiming credit under the law for his congressional service from March 4, 1915, to October 1, 1920; the last date being the date when the retirement system was established. This prior service certificate applied for was refused. Section 1703 of the Greater New York Charter in part provides: " Allowance for Service. Subject to the following and to all other provisions of this chapter [chapter 26 of Greater New York Charter], including such rules and regulations as the board of estimate and apportionment shall adopt in pursuance thereof, the said board shall determine and may modify allowances for service and shall issue service certificates. * * * A prior-service certificate shall be issued by the board to each such member, and to no others, and shall certify all such service which he rendered before the first day of October, nineteen hundred and twenty, as follows: (a) City-service, and (b) Service, other than city-service, whether appointive or elective, as a paid official, clerk or employee of the state of New York and of any municipality, county or part thereof and of any court thereof; " and (the following being added by chapter 415 of the Laws of 1929) " service in the civil service of the United States government, provided, however, that such member contribute to the retirement system an amount he would have been required to have contributed if such United States service was rendered to the city of New York while a member." The section further provides: " Total-service shall include all city-service of a member since he last became a member of the group of which he is a member, and, in addition, if his service certificate is in full force and effect as herein provided, all the service certified on such certificate, and no other service. * * * Service certified on a prior-service certificate, a total service certificate or a modified certificate shall be the basis for a pension or benefit as provided by this chapter only if membership continues until retirement on a pension or until the granting of such other benefit and only so far as service other than city-service certified therein is succeeded before the minimum retirement age of his group by an equal amount of city-service. Such certificate shall become void and not renewable if membership is discontinued except by retirement on a pension, except as to service which would be allowed to a person who had not previously been a member."

Section 1703-a of the Greater New York Charter (added by

chapter 786 of the Laws of 1928, as amd. by Laws of 1929, chap. 439) in part provides: "Notwithstanding the provisions of section seventeen hundred and three, any person now in city-service who is or who becomes a member of the New York city employees' retirement system before July first, nineteen hundred and twenty-eight, shall be entitled to credit for all prior service."

This petitioner has been a member of the retirement system since prior to July 1, 1928, and should not have been refused the prior service certificate for which he made proper application. The contention is urged by respondents, under paragraph 4 of section 1703 of the Greater New York Charter, " that allowance may be made for prior service only to those who have rendered city-service before October 1, 1920, and within five years prior to the date upon which he renders the service. In other words, a member in order to get credit must have joined the system on October 1, 1920, or become a member within five years after cessation of previous city-service." If such contention were ever correct and valid, it clearly has no merit in respect to this petitioner, who comes within the protection of the newly-added section 1703-a of the Greater New York Charter (Laws of 1928, chap. 786, in effect April 4, 1928), and of chapter 415 of the Laws of 1929, which amended subdivision (b) of section 1703 so as to include service in the civil service of the United States government. Section 1703-a provides for " credit for all prior-service " to any person who was a member of the retirement system on or before July 1, 1928, notwithstanding the provisions of section 1703, and "prior-service " is not limited to " city-service," but shall be for " all prior-service," and necessarily includes the legislative provision, " service in the civil service of the United States Government." Adequate protection of the funds of the retirement system and to the taxpayers is afforded by the Legislature providing in the statute itself, in respect to prior Federal service, " that such member contribute to the retirement system an amount he would have been required to have contributed if such United States service was rendered to the city of New York while a member." In addition, it is provided in section 1703 of the Greater New York Charter: " Service certified on a prior-service certificate  *  *  *  shall be the basis for a pension or benefit as provided by this chapter *  *  *  only so far as service other than city-service certified therein is succeeded before the minimum retirement age of his group by an equal amount of city-service."

Motion for peremptory mandamus order is granted, with fifty dollars costs. Settle order on notice.